Joshua M. Wolf, OSB No. 141892
WOLF LEGAL, LLC
220 NW 8th Ave.
Portland, Oregon 97209
Telephone: 503.893.9788
Email: Josh@WolfLegalPDX.com

*Attorney for Plaintiff*
Shipoil Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHIPOIL LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M/V QING PING SHAN, IMO No. ) <br> 9741504, her engines, freights, apparel, ) <br> appurtenances, tackle, etc., *in rem*, ) <br> ) <br> Defendant. ) | Case No. 3:21-cv-00139-HZ <br><br> **UNOPPOSED MOTION TO APPROVE LETTER OF UNDERTAKING AS SUBSTITUTE SECURITY** <br><br> Local Admiralty Rule 1024-1 |

COMES NOW, Plaintiff, Shipoil Limited (hereinafter "Shipoil" or "Plaintiff"), by and through its undersigned counsel, and moves pursuant to Local Admiralty Rule 1024-1 and Supplemental Admiralty Rule E(5)(a) for an Order approving an agreed Letter of Undertaking as substitute security in lieu of the M/V QING PING SHAN, IMO No. 9741504 (hereinafter the "Vessel"), in this *in rem* action. As grounds for this motion, Plaintiff would respectfully show as follows:

1. On January 28, 2021, Plaintiff filed this action against the M/V QING PING SHAN, *in rem*, pursuant to 28 U.S.C. § 1333, and §31341 of the Commercial Instruments and Maritime

Lien Act, 46 U.S.C. §§ 31301-31343 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. *See* Dkt. No. 1.

2. This Honorable Court issued an Order Authorizing Warrant of Arrest and the Clerk of the Court issued a Warrant of Arrest for the Vessel. *See* Dkt. Nos. 5-6. The Vessel has arrived in the district and is presently located at the Astoria Anchorage.

3. Plaintiff has negotiated with the Vessel's interests (*i.e.*, Head Owners Oriental Fleet International Co. Ltd) and has agreed to accept substitute security in the form of a Letter of Undertaking issued by Gard P.&I. (Bermuda) Ltd. in the amount of $340,000 to stand in place of the Vessel and serve as security for Plaintiff's *in rem* claims against the Vessel pursuant to Local Admiralty Rule 1024-1 and Rule E(5)(a) of the Supplemental Admiralty Rules. *See* Rule E(5)(a) and Local Admiralty Rule 1024-1.

4. Specifically, Plaintiff and the Vessel's interests have agreed to substitute security in the form of an acceptable Letter of Undertaking ("LOU") in the amount of USD 340,000 to secure claims *in rem* against the Vessel, supplied to counsel for Plaintiff, which the parties agree may be substitute *res* in lieu of the *in rem* arrest of the Vessel. *See Alyeska Pipeline Serv. Co. v. The Vessel Bay Ridge*, 703 F.2d 381, 384 (9th Cir. 1983), *cert. dismissed*, 467 U.S. 1247 (1984) ("A plaintiff's lien for the claims alleged against the vessel is transferred to the security posted."); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1341 (11th Cir. 2005) (noting the substitute security "becomes substitute for the property.") (internal citations omitted); *Mackensworth v. S.S. AMERICAN MERCHANT*, 28 F.3d 246, 252 (2d Cir. 1994) (holding that the LOU was posted pursuant to Supplemental Rule E(5)(a) and "[i]n accordance with generally accepted practice, this Letter of Undertaking became the substitute res for the value of [Plaintiff's in rem] claim") (citing *Alyeska Pipeline Serv. Co.*, *supra*).

5. Local Admiralty Rule 1024-1 provides:

> If, in return for foregoing the arrest or stipulating to the release of such vessel or other property, a party accepts the written undertaking of a claimant or other interested person or entity to respond on behalf of the vessel or other property, the undertaking will become a party in place of the vessel or property sued, and will be deemed referred to under the name of the vessel or property in any pleading, order, or judgment.

*Id*.

6. The Vessel's interests have further agreed as part of the LOU that the Owner will appear on behalf of the Vessel as Claimant and file the necessary Verified Statement and Answer to the Complaint consistent with the requirements of Supplemental Rule C(6)(a), the same as if the Vessel had been arrested as of February 5, 2021.

7. As the parties have stipulated and agreed to substitute security in accordance with the provisions of Supplemental Rule E(5)(a) and Local Admiralty Rule 1024-1, it is respectfully requested that the Court approve the security provided to counsel for Plaintiff in lieu of the arrest of the Vessel and enter the proposed Order submitted to Chambers simultaneously with the filing of this motion.

8. Finally, undersigned counsel confirms that no fees have been incurred by the United States Marshal, as the parties were able to negotiate substitute security in advance of arrest. A form of proposed Order is submitted with this Motion.

Dated: February 5, 2021

                                                                                                      WOLF LEGAL, LLC

                                                                                                      /s/ Joshua M. Wolf
                                                                                                      Joshua M. Wolf, OSB No. 141892

                                                                                                      *Attorneys for Plaintiff*
                                                                                                      Shipoil Limited

OF COUNSEL

CHALOS & CO, P.C.
George M. Chalos (GC-8693)
Briton P. Sparkman (BS-5220)
(*pro hac vice applications forthcoming*)
7210 Tickner Street
Houston, Texas 77055
Telephone: (713) 574-9454
Email: gmc@chaloslaw.com
       bsparkman@chaloslaw.com